1
2
3
4
5
6

**MILLER LAW FIRM**
Matthew R. Miller (SBN 194647)
Historic Louis Bank of Commerce Building
835 Fifth Avenue, Suite 301
San Diego, California  92101
Telephone: (619) 687-0143
Facsimile:  (619) 687-0136

Attorneys for Plaintiff Lorem Vascular

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

7
8
9
10
11
12
13
14
15
16
17

LOREM    VASCULAR,   Pty.   Ltd.,    a
Australian Proprietary Limited Company,

              Plaintiff,

v.

CYTORI    THERAPEUTICS,   INC.,    a
Delaware   Corporation,   and   DOES 1-25
inclusive

              Defendants.
_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.**

**COMPLAINT FOR:**  '18CV0815 MMA MDD

  **1.  BREACH OF CONTRACT;**
  **2. BREACH  OF  IMPLIED  COVENANT  OF**
  **GOOD FAITH AND FAIR DEALING; and**
  **3.  PROMISSORY ESTOPPEL**

***Jury Trial Demanded.***

## INTRODUCTION

18
19
20
21
22
23
24
25
26
27
28

1.      This is a breach of an oral contract and promissory estoppel case.   In 2013,
Plaintiff  Lorem  Vascular  agreed  to  purchase  8  Million  shares  of  Defendant  Cytori
Therapeutics, Inc.'s common stock for a price of $24 Million.  Shortly after Plaintiff made
the  first  of  its  two  payments,  the  parties  agreed  to  modify  the  Agreement.   Under  the
modification, Defendant Cytori agreed to purchase 5% of Plaintiff Lorem's common stock
for  a  price  of  $5  Million.   And  to  show  Plaintiff  Lorem  it  was  serious,  Cytori  held  an
emergency day-after-Christmas board meeting to approve the purchase.  Yet, when the

time came to pay up, Cytori denied any deal had been made and refused and continues to refuse to honor its agreement.

## JURISDICTION AND VENUE

2.     There is diversity of citizenship in this action and the sum in controversy exceeds $75,000, and therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

3.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. §1391(b)(1) & (2) because the Defendant's principle place of business is in the county of San Diego and because the acts or omissions that form the basis of Plaintiff's claims occurred in the county of San Diego, California.

## IDENTIFICATION OF PARTIES

4.     Plaintiff Lorem Vascular, Pty. Ltd (hereinafter referred to as "LV") is an Australian Proprietary Limited Company.    It along with Lorem Vascular Pte, a Private Limited Company in Singapore ("LV"), is a regenerative medicine company offering clinical-grade autologous regenerative cell therapy to treat a variety of vascular and non-vascular diseases.  Since 2013, LV has been the exclusive licensee (for the territories of Australia, China, Hong Kong, Malaysia and Singapore) of Defendant Cytori Therapeutics, Inc.'s Cytori Cell Therapy technology.  The technology purports to enable the harnessing of a patient's own naturally occurring regenerative or healing cells to treat the patient's acute and chronic ischemic disease.

5.     Defendant Cytori Therapeutics, Inc. (hereinafter referred to as "Cytori") is, and was at all times herein, a business entity existing under the laws of the state of Delaware and doing business in San Diego, CA (3020 Callan Road San Diego, CA 92121).  Cytori

develops and manufactures medical devices that enable the therapeutic use of regenerative cells naturally found within a person's fat tissues.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of DOE Defendants 1-25 are unknown to Plaintiff, who therefore sue said Defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Doe Defendant named herein is responsible in some manner for the events, happenings, actions and damages alleged herein.  Plaintiff will amend this Complaint to allege the true names and/or capacities of these Defendants when ascertained.

## **FACTS**

7.     In 2013 Lorem Vascular (LV), and/or persons later associated with LV, discussed a licensing agreement with Cytori that would allow it to market and sell Cytori's flagship product the Celution 800 in China, Hong Kong, Malaysia, Singapore and Australia. In an oversimplified explanation, the Celution 800 is a device that extracts stem and other regenerative cells from a person's fat cells so they can be re-injected into the body to repair tissue damaged by heart attack or disease.

8.     On October 23, 2013, the parties entered into two agreements; a Stock Purchase Agreement and the Licensing Agreement.   Under the Stock Purchase Agreement, Lorem Vascular, Pty, Ltd. agreed to pay $24 Million (via two $12 Million payments) in exchange for 8 Million shares of Cytori common stock (See, **Exhibit 1**, which is an executed copy of the Stock Purchase Agreement.)  As to the License Agreement, LV agreed to pay as much as $500 Million in fees for a 30-year exclusive license to Cytori's Cell Therapy products.

9.     Upon signing the Stock Purchase Agreement LV issued its first of two $12 million dollar payments to Cytori.  Shortly thereafter, and in response to issues with the License Agreement, the parties began to discuss a modification of the Stock Purchase Agreement.  The deal would provide LV with working capital to cover operational and commercial expenses in its licensing endeavor, and further solidify the parties' venture by allowing Cytori to obtain ownership interest in LV.  In late November 2013, the terms of the deal were finalized; Cytori agreed to purchase 5% of LV's common stock for $5 Million. Although this agreement was not reduced to writing, this agreement was acknowledged and confirmed by Cytori's Board on December 26, 2013.

10.     Notwithstanding the Board's unconditional approval of the agreement and assurances from its then CEO Chris Calhoun that the purchase was a done deal, Cytori kept pushing back the stock purchase date, while all along assuring LV that the deal was still in place.  That all changed on December 29, 2017, when Cytori, for the first time, claimed it had no obligation to invest $5 million into LV as that deal was something the company considered, but never committed to.

**FIRST CAUSE OF ACTION**
**Breach of Contract**
**(Against Defendant Cytori and Does 1-25)**

11.     Plaintiff incorporates by reference all of the preceding paragraphs as though fully set forth herein.

12.     In or about late November 2013, LV and Cytori entered into an oral agreement in which Cytori promised and agreed to purchase 5 percent of LV's common stock for $5 Million.  It was agreed that a purpose of the investment was to assist LV in offsetting operational and commercial expenses of its licensing endeavor.  In reliance on

the truth and veracity of Cytori's promise, LV delivered its second $12 Million dollar payment (per the Stock Purchase Agreement) and agreed to make, and did make, 5% of its common stock available for Cytori's purchase.

13.    On December 26, 2013 the Cytori Board of Directors approved "a motion for the Company to invest the $5 MM into Lorem Vascular…".  On or about September 9, 2014 Cytori provided LV with a copy of the Board's minutes, which once again reassured LV that Cytori would perform on their deal.

14.    On or about December 29, 2017, Cytori, for the first time, denied it had an obligation to invest $5 Million in LV and has since stood on this position.

15.    LV has at all times performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the oral agreement, except for those terms and conditions that were excused, waived or were otherwise unenforceable, or those for which performance had been prevented by the acts and omissions of Cytori.  LV has been and still remains, at all relevant times herein, ready, willing and able to tender 5% of its shares in exchange for the $5 Million payment that Cytori promised it.

16.    As a result of Cytori's breach of the oral promise, LV has suffered, among other things, irreparable harm and expense incurred as a result of attempts to mitigate the damages caused by Cytori's breach(es), and damages and other financial loss in an amount to be determined at trial.

/ / /

/ / /

/ / /

**SECOND CAUSE OF ACTION**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Against Defendant Cytori and DOES 1-25)**

17.    Plaintiff incorporates all of the preceding paragraphs as though fully set forth herein.

18.    The oral agreement described herein contained implied warranties and promises by Cytori that Cytori would act in good faith and would not do anything to deprive LV of the benefits of the agreement.

19.    In a letter dated December 29, 2017, Cytori stated that "LV's claim of Cytori's obligation to provide $5 Million is without merit.  Although there was some discussion of an investment of $5 million by Cytori, the parties were never able to reach agreement, and it was never reduced to writing and made part of the Agreement pursuant to section 4.6 and 4.7."

20.    In a letter dated January 29, 2018, Cytori denied its agreement with LV stating, "a number of options were discussed and negotiated between you and the company's previous CEO, including a potential investment into Lorem.   Ultimately, however, that was not part of the final deal which the parties reduced to writing, signed by you."

21.    LV has at all times performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the oral agreement, except for those terms and conditions that were excused, waived or were otherwise unenforceable, or those for which performance had been prevented by the acts and omissions of Cytori.  LV has been and still remains, at all relevant times herein, ready, willing and able to tender 5% of its shares in exchange for the $5 Million payment that

Cytori promised it.   As alleged above, Cytori breached its duty of good faith and fair dealing owed to LV by, among other things:

a.   Enabling or otherwise permitting its agents, including its Chief Executive Officer, to make representations and promises pertaining to its investment in LV without the intention of completely honoring those commitments;

b.   Denying the authority of its agents, including its Chief Executive Officer, to enter into the agreement he made with LV;

c.   Promising to invest $5 Million into LV and then failing and/or refusing to honor its promise;

d.   Failing to take steps to fulfill the promises made to LV; and

e.   Other acts demonstrating bad faith.

22.   LV is informed and believes, and thereupon alleges that Cytori has breached its duty of good faith and fair dealing owed to LV by other acts and omissions of which LV is presently unaware.

23.   As a result of Cytori's breach of the covenant of good faith and fair dealing, LV has suffered, among other things, irreparable harm and expense incurred as a result of attempts to mitigate the damages caused by Cytori's breach(es), and damages and other financial losses in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**Promissory Estoppel**
**(Against Defendant Cytori and DOES 1-25)**

24.   Plaintiff hereby incorporates all of the preceding paragraphs as though fully set forth herein.

25.    Cytori, through its agents and representatives, promised or represented to LV, among other things, that it would invest $5 million into LV by purchasing 5% of LV's common stock shares.

26.    In so doing, Cytori knew or should have known that LV would be reasonably induced to rely on Cytori's promises and representations.

27.    LV reasonably relied on Cytori's promises and representations and was induced to, and did, make the second $12 Million payment to Cytori and made 5% of its common stock available for purchase by Cytori, and otherwise reasonably relied to its detriment.

28.    Cytori has failed to perform on its promises and representations with regard to its investment and purchase of LV's common stock.

29.    As a proximate result of Cytori's failure to perform according to the promises and representations herein mentioned made to LV, LV has suffered, among other things, expenses incurred as a result of attempts to mitigate the damage caused by Cytori's breach(es), and other financial losses in an amount to be determined at trial.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff asks for judgment against Defendant(s) as follows:

1.    Damages in an amount to be proven at trial;

2.    Specific performance of the promise to pay $5 million for 5% of LV common stock;

3. Pre-judgment and post-judgment interest, to the maximum extent permitted by law;

4. For reasonable attorneys' fees, costs and expenses as permitted by law; and

5. Such other and further relief as this Court deems just and proper.

**MILLER LAW FIRM**

Dated:  April 27, 2018          By:     ***/s/ Matthew R. Miller***
Matthew R. Miller
Attorneys for Plaintiff Lorem Vascular

Z:\JD\CASES\1063\Pleadings\Complaint_Final.doc